Petition for Writ of Mandamus Denied and
Memorandum Opinion filed July 14, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-11-00595-CV



 

In Re McKain Joseph Dennis, Jr., Guardian of the
person of Wilma Jean Dennis, An Incapaticipated Person,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS

Probate Court

Galveston
County, Texas

Trial Court Cause No. PR 0069538



MEMORANDUM
 OPINION

On July 12, 2011, relator McKain Joseph Dennis, Jr.
filed a petition for writ of mandamus in this court.  See Tex. Gov’t
Code Ann. §22.221; see also Tex. R. App. P. 52. In the petition, relator
asks this court to compel the Honorable James E. Scanlan, Jr., presiding judge
of the Probate Court of Galveston County to vacate his order denying relator’s
motions to dismiss real-party-in-interest Janet Latimer’s motions for lack of
standing.  Relator filed with his petition a request for temporary relief,
asking this court to stay an oral order of the respondent.

Background

On July 28, 2008, relator McKain Joseph Dennis (Mac)
was named guardian of his wife, Wilma Jean Dennis (Jean).  Real party Latimer
is Jean’s daughter who also sought guardianship.  On October 21, 2009, Mac
filed a motion in limine pursuant to section 642 of the Probate Code requesting
an order from the probate court that Latimer had interests adverse to Jean and
that Latimer lacked standing to participate in the guardianship proceeding.  On
February 11, 2010, the trial court granted Mac’s motion in limine and declared
that based on her adverse interest, Latimer lacked standing to participate in
the guardianship proceeding, but she may participate in any restoration hearing
regarding Jean.  Latimer did not appeal the February 11, 2010 order.

On March 11, 2011, Latimer filed a motion to enforce
visitation rights, motion for case investigator visit and report, and
application for appointment of temporary and permanent guardian.  Mac moved to
dismiss Latimer’s motions on the grounds that she lacked standing.  On June 30,
2011, the trial court entered an order denying Mac’s motions to dismiss.  Mac
seeks mandamus relief from the June 30, 2011 order.  

Absent extraordinary circumstances not present here,
a denial of a motion to dismiss is a ruling incident to the ordinary trial
process that will not be corrected by mandamus, but by the legal remedy of the
ordinary appellate process.  Hooks v. Fourth Court of Appeals, 808
S.W.2d 56, 59 (Tex. 1991) (orig. proceeding).  Relator has not presented
extraordinary circumstances for issuance of mandamus to correct the trial
court’s ruling on his motion to dismiss Latimer’s motions.  

Emergency
Motion

According to relator’s emergency motion, a hearing
was held on Mac’s motions in which the trial court orally ordered that Latimer
is entitled to weekly visitation with Jean, and such visitations shall begin
July 13, 2011 at 10:00 a.m.  However, the court reporter has not prepared a
transcription of the hearing, and there is no written order on the visitation
rights.  Nonetheless, relator asks this court to stay the trial court’s order
permitting visitation.  Because relator did not file either a written order or record
of an oral order, we deny temporary relief.  See Tex. R. App. P.
52.3(k)(1)(A).

Relator has not established entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus and also deny relator’s related emergency motion
for temporary relief.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Chief Justice Hedges and Justices Seymore
and McCally.